## Philco Corporation v. Sunstein (No. 4)

*Henderson, Wetherhill & O'Hey,* for plaintiff.
*Fox, Differ, DiGiacomo & Lowe,* for defendants.

FORREST, P. J., December 31, 1963.—This case is before us on a motion for protective order.

On January 4, 1963, this court ordered that plaintiff produce certain documents to defendant for inspection and copying. On March 21, 1963, the court ordered that the copies of such documents should remain in the possession of defendants' counsel of record and that plaintiff's answer to certain interrogatories should be impounded and copies remain in the possession of counsel: Philco Corp. v. Sunstein (No. 3), 30 D. & C. 2d 696.

Still later, on April 4, 1963, the court amended the above-mentioned orders to provide that summarizations or notes made at the time of the examinations of the documents shall remain in the possession of counsel.

The taking of depositions of certain present and former employes of plaintiff was begun on behalf of defendant, Sunstein, on June 26, 1963. Plaintiff made this present motion for an order to impound the Court's copies of the transcripts of the depositions and to direct that defendants' copies be retained exclusively in the possession of defendants' attorneys of record, and to forbid disclosure of information as to the depositions, the documents produced by plaintiff and plaintiff's answers to defendants' interrogatories, to any attorney who maintains a law office in Pennsylvania from which

he practices law in Pennsylvania without having been admitted to practice before any court of this Commonwealth.

The attorneys for defendant, Sunstein, have engaged as one of their advisers a patent attorney admitted to practice in the United States courts, but not in any court of the Commonwealth of Pennsylvania. Sunstein's attorneys have sought to have this adviser inspect some of the documents produced by plaintiff.

In our opinion of January 4, 1963, we said:

"Defendants seemingly are trying to go far afield from the basic and rather simple question of whether Sunstein wrongfully appropriated the color television system which he invented."

Now, almost one year later, defendants still have filed no answer. The pleadings are not closed. It is exceedingly difficult, if not impossible, to make intelligent and correct rulings on these pretrial discovery matters under the circumstances.

At this time, we are unable to discern the necessity for defendants or anyone other than their attorneys of record to take possession of transcripts of the depositions or to know, or be shown, the contents thereof.

In the event that the case is brought to issue and there is a showing that the interests of justice dictate that certain documents or pretrial depositions be made available to potential witnesses or future counsel of record, we shall reconsider the matter.

And now, December 31, 1963, it is ordered that, until further order of court, the originals of the transcripts of the depositions be impounded and that defendants' copies be retained exclusively in the possession of defendants' attorneys of record, and that neither the information as to the depositions, the documents produced by plaintiff, nor plaintiff's answers to interrogatories be disclosed to anyone other than defendants or their attorneys of record.